United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DEE GRAY,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>D. L. RUNNELS, Warden,<br><br>　　　　　Respondent.<br>_____/ | No. C 05-5394 (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Before the court for ruling is respondent's opposed motion to dismiss on statute of limitations grounds.

**DISCUSSION**

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Regardless of how old the challenged conviction might be, the one-year period does

not start earlier than April 24, 1996; that is, if the event triggering the beginning of the limitations period occurred before April 24, 1996, a prisoner had until April 24, 1997, to file his or her habeas petition. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997).

Petitioner here was convicted in 1990.  Respondent contends that this petition therefore comes under the *Beeler* rule and was due by April 24, 1997.  Petitioner did not file his first state habeas petition until 2003, so by respondent's calculation is not entitled to statutory tolling.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely).  Respondent contends that the petition was six years late.

In opposition petitioner points out that his claim is that three "implied understandings" of the plea bargain have not been carried out, most notably the implied understanding that he would be paroled in six to ten years or at his third parole hearing.  He asserts that the plea bargain is being breached each time he receives a parole hearing but is not paroled, making this petition timely.

Respondent has not filed a reply to this argument, so the court does not have the benefit of respondent's view of the matter.  Petitioner does cast his petition in terms of "relief from his plea of guilty," which might suggest a contention that the plea itself was invalid, but the relief he requests consists of an order releasing him because he has served, or more than served, the term contemplated in the plea, or that the court order the parties to negotiate a modification to the plea agreement.  Given that the substance of petitioner's claim is that his plea agreement was breached, the court concludes that the statute of limitations began to run at the time the factual predicate of each claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D); *McCauley v. Brown*, No. C 05-1817 SI (pr), 2006 WL 3020905 at *7 (N.D. Cal. 2006) (limitations period on claim petitioner entitled to be paroled at minimum eligible parole date began running when facts constituting claim became known or should have become known

1  to petitioner, i.e., when parole board denied parole); *Murphy v. Espinoza*, 401 F. Supp. 2d
2  1048, 1052 (C.D. Cal. 2005) (applying § 2242(d)(1)(D) to "breach of plea bargain" claim
3  arising from denial of promised parole); *cf. Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir.
4  2004) (limitation period starts with denial of administrative appeal challenging disciplinary
5  decision); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began
6  to run when BPT denied prisoner's administrative appeal challenging denial of parole).[1]

It is unnecessary to decide when petitioner could have discovered the factual predicate of his claim in the exercise of reasonable diligence, because respondent assumes that the statute of limitations began to run on the date the conviction became final, and contends that the petition is untimely on that assumption. As determined above, the assumption is wrong, so the motion is without merit.

The motion to dismiss (document number 8 on the docket) is **DENIED**. Respondent shall file an answer or motion within thirty days of the date this order is entered. Petitioner may file a traverse (response) to the answer, if one is filed, or oppose a motion to dismiss if respondent again moves to dismiss, within thirty days of the date of the answer or motion is served upon him. If a motion is made and opposed, respondent may file a reply within fourteen days of the date the opposition is serve upon him.

**IT IS SO ORDERED.**

Dated: February 27, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\WHA\HC.05\GRAY394.MDSM

---

[1] Whether petitioner has one claim or several may make a difference in the outcome if another motion to dismiss is filed. "[Section] 2244(d)(1) provides that a '1-year period of limitation shall apply to an *application* for a writ of habeas corpus.' (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate)." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005). That is, to the extent § 2244(d)(1)(D) supplies the starting date, the limitation period would be applied on a claim-by-claim basis.